### McMichael v. Johns et al.

FRAUDULENT CONVEYANCE. Facts stated which are sufficient to sustain a charge of fraudulent conveyance.

*Appeal from Page District Court.*

MONDAY, JUNE 8.

THIS is a suit in equity to set aside a conveyance of a certain eighty acres of land—the east half of the south-east quarter of Section 24, Township 67, Range 37, West, made by Johns to Blair, on the ground that such conveyance was fraudulent, and also that the plaintiff acquired title under representations by Blair that he claimed no title to the land.

The defendants deny the fraud, etc., and Blair asserts his title and asks that he be quieted in it. The cause was tried by the first method and judgment was rendered for the defendants and quieting Blair's title. The plaintiff appeals.

*W. W. Morseman*, for appellant.

*Morledge & McPherson*, for appellees.

COLE, J.—A careful examination and re-reading of the evidence have convinced us that the contract and conveyance under which the defendant Blair claims title to the land in controversy, were fraudulent in fact, and that his title should be set aside and declared void as against the plaintiff. Blair claims title under an exchange of certain lands in Missouri for the tract in controversy. He took the legal title to the land he was to obtain by the exchange, but only gave to Johns a bond for title to the Missouri lands. He says he gave *some* boot money; but on cross-examination testifies that it did not exceed three dollars and a half. The trade was made only a few days before the judgments were rendered under which, by execution sale and mesne conveyances, the plaintiff claims his title. Johns has left the country taking the bond with him, unless it is lost or destroyed; and Blair has since

sold and conveyed the Missouri land to another and received the full consideration therefor. Blair also received in the exchange, the title to forty acres adjoining the land in dispute, which he still retains. It is also shown that on two or more occasions, Blair disclaimed the ownership of the eighty acres in controversy, and did in fact once make a quit claim thereof to plaintiff, which he afterwards obtained and kept. There are also other facts tending to show fraud.

REVERSED.